Battle, J.
 

 The only question we are called upon to decide, in the present case, is, whether under the 15th clause of the will of the testatrix, the defendants, Mrs. Luckenbach and her two daughters, can take the residue of the estate, consisting of notes, bonds, bank stock, and some few articles of furniture, under the description of “ all the rest and residue of my monies.” That the word “money,” or “monies,” may, when the context favors such construction, include stock in a bank, or in the public funds, cannot admit of any doubt. In the case of
 
 Kendall
 
 v. Kendall, 4 Russ. 360; (1 Con. Ch. Rep. 706,) the master of the rolls decided that stock would pass by force of the word “money,” and he said that he had so decided in a previous case,
 
 (Legge
 
 v. Asgill, 1 Turn, and Russ., 265, in the note,) which, upon an appeal, was affirmed by the Lord Chancellor Eldon. If, then, money invested in bank or other stock may pass under the term “money” or “monies,” we think notes and bonds may be included also under that term. They are the ordinary securities upon which money is lent out in this State, and it is no great stretch of language for a person to speak of such securities for money as his “ money.” The question then arises, whether there is any thing in the will before ns indicative of an intention of the testatrix to bequeath her notes, and bonds, and bank stock to her sister and neices, by the expression, “all the rest and residue of my monies.” To this we answer, that there is a strong indication of such an intention apparent in the will itself, which is made absolutely certain by adverting to the condition of her property at the time of her death, which occurred shortly after her will was executed.
 

 In the first place, she shows a clear purpose in the beginning of her will, to dispose of all her property thereby.
 

 
 *246
 
 Secondly. She contemplated that her money which had been lent out upon the security of notes, or bonds, or invested in stock, should be collected, because she makes most of her gifts in pecuniary legacies, amounting in the whole to much more than the small amount she had on hand in cash.
 

 Thirdly. She had provided for the children of her decased sister, Mrs. Chitty, by pecuniary legacies also, and then, by the clause in question, she makes the provision which she intended for her living sister, Mrs. Luckenbach, and her daughters. Now, when we find that the latter will get nothing, except a few articles of furniture, of small value, unless the word “ monies” can embrace the notes, bonds and bank stock, we are forced to the conclusion that she did intend to embrace them.
 

 It is unnecessary for us to decide whether the furniture not specifically bequeathed passed by the word “monies” or not; for, supposing that it is not disposed of by the will, it forms the fund primarily liable for the payment of the funeral expenses, debts and general legacies, and to the extent of its value, would leave a greater residue of “monies” for the residuary legatees. To them, of course, it must be a matter of no consequence whether the legacy which they receive is composed, in part, of the proceeds of furniture, and in part of monies arising from the sale of the bank stock, and the collection of the notes and bonds, or whether it is derived altogether from the latter, provided that in either case it is the same in amount. A decree may be drawn for the settlement of the estate upon the principle of construction declared in this opinion.
 

 Pur Curiam, Decree accordingly.